Cameron, J.
delivered the opinion of the Court.
The testator by his last will devised as follows, to-wit : “ First, I make myself an heir to my estate, and for me to have a child’s part of my estate forever.” “ I give to my living son, Ricks Fort, big Luke, &c.—likewise, I give and bequeath to my heirs all the rest of my estate, Ricks Fort excepted, because he has received his part of my estate of every denomination.” The testator died without making any disposition of that part of his estate reserved to himself. The complainant claims a distributive share of it, which is resisted by the defendants, under the words of exclusion above mentioned.
The testator, by reserving to himself a child’s part of his own estate, plainly shewed, that as to so much of his estate, he did not intend, at the time of making his will, to dispose of it. He evidently intended to retain the power of appropriating it according to his future inclination; but not having done so, he must be considered as having died intestate in relation to it.
The words of exclusion relied on, in that clause of the will containing the bequest to the complainant, must be considered with reference to the fair meaning of the testator. At the time of making his will, he did not intend to dispose of, nor did he in fact dispose of, the whole of his estate. As to what he was then giving away by his will among his children, he meant that he had given his son Ricks his full share ; and that he [Ricks] should not take any more of the estate which the testator was devising to his heirs. The words of exclusion can only operate to deprive Ricks Fort of a participation of the property contained in the residuary *495 clause of the will; but for which he would be entitled to an equal share of that property which the testator clearly meant to dispose of — they cannot apply to that part of the estate which the testator, by reserving to himself, did not dispose of, and of which he died intestate : — consequently, the complainant is entitled to a distributive share of that part of the testator’s estate.
Demurrer overruled.